LACOMBE, Circuit Judge.
Complainants’ contention is that their bill is not obnoxious to section 720, Rev. St. U. S., and the many decisions holding that the federal courts will not interfere with proceedings in the state courts, for the reason that the supreme court was wholly without jurisdiction of the subject-matter,—having no power, under section 2420 of the Code, to dissolve a corporation which has no stock,-—and that the judgment decreeing dissolution, appointing a receiver, and ordering sale is wholly void. If this be so, then the purchaser at the sale will take no title, and the receiver will be personally liable for all damages sustained. Inasmuch as the property is nearly all real estate located in a thinly-settled part of the state, it is difficult to see how any such irreparable injury would result as to make it necessary to issue a preliminary injunction. Moreover, if the complainants’ contention as to- section 2420 be sound, then the corporation itself was never dissolved. It is the property of the corporation which is offered for sale, and any proceedings to restrain or postpone the sale should be brought by the corporation, which owns the property, not by individual members, who do not hold the title, and whose bill of complaint fails to comply with the requirements of the ninety-fourth, rule in equity. It further appears that one, at least, of the complainants, was advised two years ago of the pendency of the proceedings for dissolution. It was open to him to apply to the state court for leave to present the objection to such proceeding which is now relied upon. The state court was the proper tribunal to pass upon that objection, since it is a question of the construction of a state statute regulating special proceedings for dissolving state corporations. Complainants, by failing to make any effort to present this objection in the proper forum and at the proper time, have been guilty of such gross laches that they are in no position to invoke the favorable consideration of *562 a court of equity, or to ask for an injunction to restrain the receiver appointed by the state court from carrying out its instructions. The motion is denied, and restraining order vacated.